**The Honorable Benjamin H. Settle**

1
2
3
4
5
6

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7
8

| | |
|---|---|
| BMO BANK N.A., a national banking association, | NO. 3:24-cv-05565-BHS |
| Plaintiff, | DEFAULT JUDGMENT |
| vs. | **Clerk's Action Required** |
| ANR LOGISTICS LLC, a Washington limited liability company; NAZARIY PONOMARENKO, and ANATOLIY PONOMARENKO, individual residents and citizens of the State of Washington, | |
| Defendants. | |

9
10
11
12
13
14
15
16
17
18

### ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS

This matter comes before the court on Plaintiff BMO Bank N.A.'s ("Plaintiff") Motion for Default Judgment ("Motion") against ANR Logistics LLC ("Borrower"), Nazariy Ponomarenko ("Nazariy"), and Anatoliy Ponomarenko ("Anatoliy," and together with Nazariy, the "Guarantors" and together with Nazariy and Borrower, the "Defendants"), the Court having personal jurisdiction over Defendants and subject matter jurisdiction over this action; the Court having considered the Verified Complaint (the "Complaint"), the Motion, all memoranda, declarations, and exhibits attached to the foregoing, the documents filed and of record in this

19
20
21
22
23
24
25

ORDER OF DEFAULT NO. 3:24-
cv-05565-BHS

- 1 -

Betts, Patterson & Mines, P.S.
One Convention Place
701 Pike Street, Suite 1025
Seattle, WA 98101-3915
(206) 292-9988

action, and arguments of counsel if needed; and the Court being otherwise duly advised in the premises; the Court hereby makes the following findings:

1.      On July 12, 2024, Plaintiff filed the Complaint in this action and duly served the Defendants with a copy of the Complaint and Summons.

2.      As set forth in the Complaint, Plaintiff and Borrower entered into the following agreements (the "Agreements"):

    a.  Loan and Security Agreement dated October 22, 2019, executed by Plaintiff, as lender, and Borrower, as borrower; and

    b.  Loan and Security Agreement dated April 27, 2021, executed by Plaintiff, as lender, and Borrower, as borrower.

3.      As set forth in the Complaint, Guarantors guaranteed the Borrower's performance under the Agreements (collectively, the "Guaranties").

4.      Plaintiff possesses a first-priority security interest in the equipment described in the Agreements, including all attachments, accessions, accessories, replacement parts, repairs and additions or substitutions thereto (the "Collateral").

5.      Defendants are in default under the Agreements and the Guaranties for, among other things, failure to make payments thereunder when such payments became due.

6.      As set forth in the Complaint, Borrower has possession or control of the following units of Collateral and has failed or refused to surrender the same Plaintiff:

| Agmt. | Year | Make | Model | Desc. | VIN |
|-------|------|------|-------|-------|-----|
| First | 2020 | Volvo | VNL Series | Tractor | 4V4NC9EH4LN216610 |
| Second | 2022 | Volvo | VNL Series | Tractor | 4V4NC9EH1NN290229 |
| | 2022 | Volvo | VNL Series | Tractor | 4V4NC9EH8NN290230 |

7.      The Agreements entitle Plaintiff to repossess and remove the Collateral in the event of a default by Borrower.

Betts, Patterson & Mines, P.S.
One Convention Place
701 Pike Street, Suite 1025
Seattle, WA 98101-3915
(206) 292-9988

2291211.docx/112624 1038/8576-0012

8.    Plaintiff has notified Borrower of the defaults under the Agreements and demanded possession of the Collateral.

9.    In the event of default, the Agreements require Borrower to "assemble the Equipment and deliver it to Lender at a place to be designated by Lender."

10.    The Complaint alleged the following claims for relief against the Defendants: money damages against Defendants for the amounts due and owing under the Agreements and Guaranties; an order of possession for all units of the Collateral; specific performance against Borrower requiring them to surrender possession of the Collateral; and injunctive relief necessary to enforce an order of possession and specific performance.

11.    Defendants failed to timely answer the Complaint and the Clerk entered default against Defendants on September 24, 2024.

12.    The default concedes the truth of the allegations of the Complaint as to Defendants' liability as to all counts brought against them.  Fed. R. Civ. P. 8(b)(6); *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).  A formal evidentiary hearing is not required to determine the amount of damages for purposes of default judgment "if damages can be ascertained from the documentary evidence or in detailed affidavits." *See Dundee Cement*, 722 F.2d at 1323.

13.    Plaintiff's monetary damages constitute a sum certain that may be calculated by reference to the applicable contracts and Plaintiff's supporting declarations and other documentation.

14.    In addition, Plaintiff is entitled to recover its Collateral and to an order of possession and to specific performance of Borrower's obligations under the Agreements.

15.    Pursuant to the terms of the Agreements and the Uniform Commercial Code, the secured creditor's right to enforce the debt by proceeding for judgment and to exercise rights

Betts, Patterson & Mines, P.S.
One Convention Place
701 Pike Street, Suite 1025
Seattle, WA  98101-3915
(206) 292-9988

with respect to the collateral are cumulative and may be exercised simultaneously.  *See* 810 Ill. Comp. Stat. Ann. 5/9-601(c); *accord* Wash. Rev. Code § 62A.9A-601.

16.     In addition, due to the highly mobile nature of the Collateral, an order of possession, without the accompanying injunctive relief, is not an adequate remedy at law, and in this case it appears more likely than not that Borrower will be unable to respond to money damages.  Therefore, Plaintiff will suffer irreparable injury for which no adequate remedy at law exists unless Borrower and other persons and firms having knowledge of this injunction, including specifically Guarantors, are: (a) enjoined from continuing to use the Collateral; (b) ordered to advise Plaintiff of the precise location of each and every item of the Collateral; and (c) ordered to surrender the Collateral to Plaintiff.

17.     Plaintiff has satisfied the grounds necessary for injunctive relief as well as the grounds necessary for possession of the Collateral under Wash. Rev. Code § 7.64.020, *et seq.*

Based on these findings, IT IS HEREBY ORDERED THAT:

A.     Plaintiff's Motion for Default Judgment is hereby GRANTED.

B.     Judgment is entered in favor Plaintiff and against Defendants as follows:

i.     For money damages in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $191,159.19 as of November 2, 2024, with interest accruing thereon on the amount of $94.97 *per diem*;

ii.     For money damages in favor of Plaintiff and against Defendants, jointly and severally, for reimbursement of attorneys' fees and costs incurred in the prosecution of this matter.

C.     An Order of Possession is entered in favor of Plaintiff and against Borrower as follows:

i.     Plaintiff is lawfully entitled to immediate possession the Collateral;

ii.     Borrower and any of its responsible managing agents, officers, directors, or employees, including specifically Guarantors, and any person or entity in active

- 4 -

Betts, Patterson & Mines, P.S.
One Convention Place
701 Pike Street, Suite 1025
Seattle, WA  98101-3915
(206) 292-9988

2291211.docx/112624 1038/8576-0012

1  concert or participation with Borrower having actual notice of this Order by personal

2  service or otherwise, are hereby enjoined and restrained as follows (i) from transporting,

3  using, pledging, selling, transferring, or disposing of the Collateral either in the operation

4  of the businesses of Borrower or otherwise, except as may be necessary to move or

5  transport the Collateral in order to comply with this Order; and (ii) restricting, limiting, or

6  conditioning either the access of Plaintiff to the Collateral, or Plaintiffs ability to take

7  possession of the Collateral;

8          iii.     Borrower and any of its responsible managing agents, officers, directors,

9  or employees, including specifically Guarantors, and any person or entity in active

10  concert or participation with Borrower having actual notice of this Order by personal

11  service or otherwise, are hereby required to: (i) contact Plaintiff's representative Whitney

12  Oliver (phone 319-832-3547; e-mail whitney.oliver@bmo.com) by the end of the next

13  business day after receiving notice of this Order and disclose the precise location of the

14  Collateral; and (ii) by the end of the second business day after receiving notice of this

15  Order, surrender the Collateral in its possession, custody, or control to Plaintiff at one or

16  more locations to be designated by Plaintiff and take all actions necessary to allow

17  Plaintiff to obtain access to and possession of the Collateral, including terminating sub-

18  leases, if any, and obtaining the Collateral from any third parties who may have

19  possession custody, or control over the Collateral;

20          iv.     Borrower shall immediately notify all of its responsible managing agents,

21  officers, directors, and employees of the entry of this Order;

22          v.      Upon request of Plaintiff, the Federal Marshal where the Collateral may be

23  situated, or any duly authorized representative(s) of the same, is directed to seize the

24  Collateral by any and all legal means.  If the Collateral, or any of it, is concealed in a

25  building or elsewhere, and a demand made by the Marshal and/or its representative(s) for

ORDER OF DEFAULT NO. 3:24-
cv-05565-BHS

- 5 -

Betts, Patterson & Mines, P.S.
One Convention Place
701 Pike Street, Suite 1025
Seattle, WA  98101-3915
(206) 292-9988

2291211.docx/112624 1038/8576-0012

its delivery is refused or there is no response, then the Marshal shall cause the building or other enclosure to be broken open and shall take the Collateral therefrom, or, alternatively, shall secure the building or other enclosure by any reasonable means including, without limitation, changing the locks of the building or other enclosure. No bond is required. The Marshal shall not require the Plaintiff to post a bond to enforce this order.

D. Due to the likelihood of additional attorneys' fees accruing after entry of judgment to enforce the order of possession, the 14-day filing period for a motion requesting attorney' fees set forth in Fed. R. Civ. P. 54(d)(2) and LR 54-1 is hereby stayed.

E. Plaintiff shall credit the net proceeds of any disposition of the Collateral (as defined in the Complaint) to the judgment amount set forth in Section B of this Order in a manner consistent with the Agreements (as defined in the Complaint). Defendants shall remain liable for money damages up to the amount of any deficiency remaining after such disposition(s).

F. This is a final Order, the terms of which are effective immediately.

G. Plaintiff shall promptly serve a copy of the Order on Defendants.

Entered this 4th day of December, 2024:

BETTS, PATTERSON & MINES, P.S.

_/s/ Alayna L. Nicholes_
Alayna L. Nicholes, WSBA #40993
anicholes@bpmlaw.com
Betts, Patterson & Mines, P.S.
U.S. Bancorp Tower
701 Pike Street, Suite 1025
Seattle, WA 98101
(206) 292-9988
_Attorneys for Plaintiff BMO Bank N.A._

_____
BENJAMIN H. SETTLE
UNITED STATES DISTRICT JUDGE

ORDER OF DEFAULT NO. 3:24-cv-05565-BHS

- 6 -

2291211.docx/112624 1038/8576-0012